# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1204V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
MEGAN MCDONALD, as best friend of her         *
daughter M.G.M.,                              *   Special Master Katherine E. Oler
                                              *
                Petitioner,                   *   Filed: June 24, 2020
                                              *
v.                                            *
                                              *
SECRETARY OF HEALTH AND                       *   Petitioner's Motion for a Decision;
HUMAN SERVICES,                               *   Dismissal of Petition; Vaccine Act.
                                              *
                Respondent.                   *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Patricia A. Finn*, Patricia Finn, P.C., Nanuet NY, for Petitioner
*Mary E. Holmes*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 14, 2018, Megan McDonald ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that her daughter ("M.G.M.") suffered from "neurologic injury, evidenced by her seizures and causing her migraine headaches" following the DTaP, Hib and Rotarix vaccines she received on June 24, 2015 and/or the DTaP, PCV and Hib vaccines she received on August 25, 2015. Pet., ECF No. 1. Petitioner filed a statement of completion on June 24, 2019. ECF No. 18. On August 27, 2019, Respondent filed a status report indicating that several medical records were still missing from the record. ECF No. 19. On September 3, 2019, Petitioner was ordered to file any outstanding records and an amended

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

statement of completion.  *See* Non-PDF Scheduling Order of September 3, 2019.  On January 29, 2020, Petitioner filed the outstanding medical records and an amended statement of completion. Exs. 12-18, ECF Nos. 22-23.

On April 30, 2020, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act."  Resp.'s Rep. at 2, ECF. No. 27.  Respondent argued that (1) Petitioner had not established that her daughter was diagnosed with seizures; (2), even if she had, Petitioner did not establish that her daughter's seizures occurred in a medically accepted time-frame after vaccination; and (3) Petitioner has not provided proof of severity.  *Id.* at 13-16.

On May 26, 2020, I held a status conference in this case.  *See* Scheduling Order of May 27, 2020, ECF No. 28.  I explained to Ms. Finn that the record did not establish that M.G.M. experienced seizures; further, there was no demonstrated connection between M.G.M.'s alleged seizures and her development of headaches more than two years after vaccination.  I stated that I found this temporal gap to be insurmountable.  Because Petitioner did not establish a connection between M.G.M.'s shaking and her headaches, she had not provided proof of severity.  I strongly recommended to Ms. Finn that the case be dismissed because Petitioner had no reasonable chance of prevailing on the petition.  *Id.* at 1.

Petitioner filed a motion to dismiss on June 23, 2020, indicating that in these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program."  Pet'r's Mot., ECF No. 29 at 1.  Petitioner further indicates that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her" and the she "has been advised that such a judgment will end all of her rights in the vaccine program."  *Id.* at 2-3.  Petitioner also indicated that she intends to reject the judgment and file a civil action.  *Id.* at 3.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

2